

U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
*Liberty Square Building*
*450 Fifth Street, NW*
*Washington, D.C. 20530*

*Tel: (202) 718-0483*
*Fax: (202) 305-7000*
*Email: alexandra.mctague2@usdoj.gov*

March 3, 2026

Via CM/ECF
Clifton B. Cislak
Clerk of Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

    Re:    *Chamber of Commerce of the United States of America et al. v. United States Department of Homeland Security et al.*, No. 25-5473
Rule 28(j) Response Letter re: *Learning Resources v. Trump*, No. 24-1287 (U.S. Feb. 20, 2026)

Dear Mr. Cislak:

    Pursuant to Rule 28(j), Defendants-Appellees respond to Plaintiffs-Appellants' Letter re: *Learning Resources v. Trump*, No. 24-1287. Contrary to the assertions therein, *Learning Resources* does not support Appellants' position.

    *First*, *Learning Resources* is irrelevant because, as the district court correctly concluded, the Proclamation does not impose a tax. Nor did *Learning Resources* overturn *Skinner v. Mid-American Pipeline Co.*, 490 U.S. 212 (1989), or *F.C.C. v. Consumers' Research*, 606 U.S. 656 (2025), which allow Congress to delegate its taxing authority as it would any other power.

    *Second*, *Learning Resources* concerned authority conferred exclusively by Congress under IEEPA. This case concerns both Congress's express delegation to the President, as well as the President's *inherent* authority to exclude aliens. *See*

1

*Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950); *Trump v. Hawaii*, 585 U.S. 667, 684–702 (2018).

*Third*, the Court's interpretation of the narrow authority to "regulate . . . importation" under IEEPA, has no bearing on the "sweeping" authority delegated to the President to impose "any restrictions he may deem appropriate" under Section 1182(f) or "reasonable rules, regulations, and orders" under Section 1185(a)(1). The Court in *Learning Resources* distinguished IEEPA from Section 232(b) at issue in the *Algonquin* case, which it characterized as "sweeping" because it "authorizes the President not only to 'adjust . . . imports,' [] but to take such action . . . *as he deems necessary'* to adjust the imports of a good." *Id.* at 33. IEEPA contained no such sweeping discretionary language. Sections 1182(f) and 1185(a) more closely mirror the language of the statute in the *Algonquin* case than IEEPA. And, the greater-includes-the-lesser argument applies here given the breadth of Congress's express delegations in Sections 1182(f) and 1185(a), which easily encompass a temporary payment.

*Fourth*, *Learning Resources* is not instructive because of the breadth of the tariffs at issue. The Proclamation is restricted in scope because it applies a limited payment for one year to a subset of aliens seeking particular visas.

*Finally,* the district court held that Plaintiffs waived any argument regarding the major questions doctrine and that is reviewed for abuse of discretion.

Respectfully submitted,

*/s/ Alexandra McTague*
ALEXANDRA MCTAGUE
Senior Litigation Counsel
U.S. Department of Justice
Civil Division

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the word limitation of Federal Rule of Appellate Procedure 28(j) because it contains 347 words according to the count of Microsoft Word.

*/s/ Alexandra McTague*
Alexandra McTague
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
