**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
Liberty Square Building
450 Fifth Street, NW
Washington, D.C. 20530
Tel: (202) 718-0483
Fax: (202) 305-7000
Email: alexandra.mctague2@usdoj.gov

June 12, 2026

Via CM/ECF
Clifton B. Cislak
Clerk of Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

> Re: *Chamber of Commerce of the United States of America et al. v. United States Department of Homeland Security et al.*, No. 25-5473
> Rule 28(j) Response Letter re: *California v. Mullen*, No. 25-13829 (D. Mass. June 8, 2026)

Dear Mr. Cislak:

Pursuant to Rule 28(j), Defendants-Appellees respond to Plaintiffs-Appellants' Letter on *California v. Mullen*, No. 25-13829 (D. Mass. June 8, 2026). That court's non-binding decision was wrong and has been appealed.

*First*, the Supreme Court upheld a nearly identical "head count payment" on aliens entering a port, rejecting Taxing Clause arguments because "the power exercised in this instance is not the taxing power… [it] is the mere incident of the regulation of commerce—of that branch of foreign commerce which is involved in immigration." *Edye v. Robertson*, 112 U.S. 580, 595–96 (1884). Moreover, inherent in "sovereignty is the power to exclude," which "necessarily includes the lesser power to place conditions on entry, on continued presence, or on reservation conduct, such as a tax." *Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 141, 144 (1982). Thus even if the payment could be a tax, it is justified under the commerce or immigration powers, which the delegations in Sections 1882(f) and 1185(a) clearly encompass.

*Second*, in relying on *Learning Resources* the court did not persuasively distinguish the similar delegation in *Federal Energy Administration v. Algonquin SNG, Inc.*, 426 U.S. 548 (1976), which the Court in *Skinner v. Mid-America Pipeline Co.*, 490 U.S. 212, 224 (1989) cited as a clear delegation of the taxing power despite not mentioning tariffs.

*Third*, the payment is not a tax because neither its purpose nor effect is to raise revenue, but rather to "mitigate" the harms and provide "for the protection of the citizens among whom [the

aliens] are landed." *Edye*, 112 U.S. at 595-96; *see also Brock v. Washington Metro. Area Transit Auth.*, 796 F.2d 481, 488 (D.C. Cir. 1986) (collecting cases where payments are not taxes).

*Finally,* the court's remaining analysis rose and fell with its determination that the payment was an improper tax. Even so, the court erred in allowing an *ultra vires* separation of powers claim to proceed despite it turning on the scope of Section 1182(f), as that is contrary to *Glob. Health Council v. Trump*, 153 F.4th 1, 14-15 (D.C. Cir. 2025).

That court's opinion is unpersuasive. This Court should affirm.

Respectfully submitted,

*/s/ Tiberius Davis*
Tiberius Davis
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division