*In the*

# United States Court of Appeals
## *for the*
## District of Columbia Circuit

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA AND ASSOCIATION OF AMERICAN UNIVERSITIES,
*Plaintiffs-Appellants*,

– v. –

UNITED STATES DEPARTMENT OF HOMELAND SECURITY ET AL.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Columbia
Case No. 25-cv-3675, Hon. Beryl A. Howell

**OPPOSED MOTION TO SCHEDULE EXPEDITED ORAL ARGUMENT**

Pursuant to Federal Rule of Appellate Procedure 27 and 34(b) and D.C. Circuit Rule 27 and 34, Appellants respectfully request that the Court schedule oral argument for the week of February 9, 2026.

1. On January 2, 2026, Appellants filed an Emergency Consent Motion to Expedite Appeal. Doc.2152721. Appellants explained that highly expedited consideration of this appeal was necessary to enable this Court to remedy further

irreparable injury by providing Appellants' cap-subject members relief before the fast-approaching, once-annual H-1B visa lottery scheduled for March 2026. Appellants' members that participate in the annual lottery have one chance, beginning in March, to register for an opportunity to hire workers through the H-1B program, and these employers require certainty regarding whether an H-1B petition is subject to a $100,000 fee. In consenting to that expedition motion, the government appeared to recognize that the March lottery was the kind of watershed event that made expedition appropriate. In addition, Appellants' cap-exempt members continue to suffer ongoing harms because they are chilled in exercising their statutory entitlement to obtain H1-B visas by the executive's ongoing insistence that they pay an extra-statutory and illegal $100,000 fee. *Id.* at 1.

2. Appellants therefore requested that briefing in this matter be concluded and a decision be issued in February 2026. *Id.* at 1, 23.

3. On January 5, 2026, this Court granted that motion and issued an order (Doc. 2152977) setting the following briefing schedule:

Appellants' Brief: January 9, 2026

Appendix: January 9, 2026

Appellees' Brief: January 30, 2026

Appellants' Reply Brief: February 6, 2026

4. The Court directed the Clerk to calendar this case for oral argument "on the first appropriate date following the completion of briefing." *Id.* at 1.

5. Consistent with that order, Appellants respectfully move for this Court to schedule oral argument during the week of February 9th. That highly expedited oral argument would allow this Court the maximum time to issue a decision while still giving the losing party a window to seek expedited relief from the Supreme Court before the March lottery.

6. The government may attempt to seek emergency relief from the Supreme Court in the event this Court were to reverse the District Court's decision. Nonetheless, the government declined to consent to this request because their counsel of choice has scheduling difficulties the week of February 9th. Unfortunately, appellants' counsel of choice has argument responsibilities each of the following four weeks. In particular, Mr. Clement has oral arguments scheduled on February 17, 2026 in *Gill v. Exxon Mobil Corp.*, No. 2811 EDA 2024 (Pa. Super. Ct.) (a record-intensive appeal of a $725 million verdict), on February 23, 2026 in *Havana Docks Corp. v. Royal Caribbean Cruises*, No. 24-983 (U.S.), on March 4, 2026 in *Montgomery v. Caribe Transport*, No. 24-1238 (U.S.), and on March 9, 2026 in *Ninth Inning, Inc. v. Nat'l Football League, Inc.*, Nos. 24-5493 & 24-5691 (9th Cir.). As a result, it does not appear feasible to schedule argument in advance of the March lottery on a date that is mutually convenient for both parties. Although Appellants regret any inconvenience to the government, Appellants suggest that under these circumstances, the best course is to err on the side of expedition and schedule argument for the week of February 9th, 2026.

7. Given the infeasibility of finding a date that is mutually convenient for the parties, several factors support scheduling oral argument the week of February 9th. As this Court's scheduling order reflects, time is of the essence—and the week of February 9th, the week after the appeal will be fully briefed, not one or more weeks later, is the "first appropriate date," Doc. 2152977 at *1, on which argument can be heard. Hearing argument then, rather than later in February, will maximize the time this Court has to consider this important case, which must be decided by March for Appellants' cap-subject members to obtain effective relief. It will also maximize the time available for the losing party to seek relief from the Supreme Court before the March lottery without unduly inconveniencing the Justices. Under all these circumstances, it makes sense to expedite this appeal to the maximum extent feasible by holding argument the week of February 9th, 2026.

Dated: January 12, 2026

Respectfully submitted,

<u>/s/ Paul D. Clement</u>
Paul D. Clement
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

Counsel for Appellants

# **CERTIFICATE OF SERVICE**

Counsel for Appellant certify that they have submitted the foregoing document with the Clerk of Court for the United States Court of Appeals for the District of Columbia Circuit, using the electronic case filing system of the Court. Counsel for Appellant hereby certify that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

*/s/Paul D. Clement*

Dated: January 12, 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 703 words.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in a 14-point Times New Roman font.

Dated:  January 12, 2026

*/s/Paul D. Clement*