

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
District Court Section
*Liberty Square Building*
*450 Fifth Street, NW*
*Washington, D.C. 20530*

*Tel: (202) 718-0483*
*Fax: (202) 305-7000*
*Email: alexandra.mctague2@usdoj.gov*

March 8, 2026

<u>Via CM/ECF</u>
Clifton B. Cislak
Clerk of Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

      Re:    *Chamber of Commerce of the United States of America et al. v. United States Department of Homeland Security et al.*, No. 25-5473
           Rule 28(j) Letter re: *Pacito v. Trump*, No. 25-1313, --- F. 4th ----, 2026 WL 620449 (9th Cir. Mar. 5, 2026)

Dear Mr. Cislak:

      Pursuant to Rule 28(j), Defendants-Appellees bring to the Court's attention a published decision by the U.S. Court of Appeals for the Ninth Circuit in *Pacito v Trump*, which supports Defendants-Appellees' positions in this case.

      First, the Ninth Circuit held that Sections 1182(f) and 1185(a)(1) authorize the President to impose broad restrictions on the entry of aliens, including a wholesale suspension of all admissions under the reticulated statutory scheme for refugees. *Pacito*, 2026 WL 620449 at *14; Defendants'-Appellees' Br. 18-19 (hereinafter "Br."). Plaintiffs and the district court argued that the proclamation entirely or indefinitely suspended the Refugee Act that Congress set up with particular requirements and a cap. *Pacito*, 2026 WL 620449 at *13-14. The Ninth Circuit rejected this, noting that Section 1182(f) allows the President to "suspend the entry of all aliens" and that nothing in the Refugee Act prohibited doing so, as Congress "could easily have chosen language directed to that end." *Id.* at *14 (quoting *Hawaii*, 585 U.S. at 695). The same is true here with the H-1B program.

1

*Second,* the court held that even an indefinite suspension of admissions was not overriding the program itself, which remained in place through individual exceptions. *Pacito*, 2026 WL 620449 *at* *15; Br. 25. Even so, the Proclamation was temporary, it just did not set an end date. *Id.* The proclamation in *Pacito*, like that here, did not override the statutory scheme, rather it imposed a temporary pause in admission decisions based upon domestic policy concerns that the court credited, such as public safety, the ability of refugees to assimilate, preserving "taxpayer resources for [U.S.] citizens," and the ability of localities to absorb refugees. *Pacito*, 2026 WL 620449 at *15.

*Finally,* the proclamation in *Pacito* paused decisions on applications, just as the challenged Proclamation does. Br. 10. Ninth Circuit held that "[t]he President's decision to halt decisions on applications would follow logically from his determination to suspend all admissions." *Id.* *17.

Respectfully submitted,

*/s/ Alexandra McTague*
ALEXANDRA MCTAGUE
Senior Litigation Counsel
U.S. Department of Justice
Civil Division

2

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the word limitation of Federal Rule of Appellate Procedure 28(j) because it contains 320 words according to the count of Microsoft Word.

*/s/ Alexandra McTague*
Alexandra McTague
Senior Litigation Counsel
U.S. Department of Justice
Civil Division