1099 NEW YORK AVENUE NW, STE. 900, WASHINGTON, DC 20001          **JENNER&BLOCK** LLP

March 8, 2026

Via ECF

Clifton B. Cislak
Clerk of Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

Re:     ***Chamber of Commerce of the United States of America et al. v.***
         ***United States Department of Homeland Security et al.***, No. 25-5473

         Rule 28(j) Response Letter re: *Pacito v. Trump*, No. 25-1313 (9th Cir. Mar. 5, 2026)

Dear Mr. Cislak:

Pursuant to FRAP 28(j), Plaintiffs-Appellants respond to the government's letter regarding *Pacito v. Trump*, No. 25-1313, 2026 WL 620449 (9th Cir. Mar. 5, 2026). *Pacito* does not support the government's arguments in this case.

*First*, unlike the Proclamation at issue here, the Executive Order ("EO") in *Pacito* did not impose a new tax on Americans through a massive, revenue-raising fee. Instead, the court found that the EO actually "suspended" "entry," as contemplated by Section 212(f). 2026 WL 620449, at *2, *14-15. No court has ever held that either Section 212(f) or Section 215(a)(1) confers the power to tax. And the Supreme Court's decision in *Learning Resources v. Trump* confirms that when Congress confers such power, it does so clearly, and that the power to tax is "different in kind, not degree," from general grants of authority like those in Sections 212(f) and 215(a)(1). No. 24-1287, 2026 WL 477534, *11-12 (U.S. Feb. 20, 2026). *Pacito* does not change any of this.

That fundamental difference between the EO and the Proclamation makes the rest of *Pacito* similarly inapposite. The court's determinations that the EO did not unlawfully override the Refugee Admissions Program ("RAP"), 2026 WL 620449, at *14-15, and that the power to suspend admission decisions is a "logical" corollary to the power to suspend entry, *id.* at *16-17, are inapplicable here, where the Proclamation does not suspend entry and the question is instead whether Sections 212(f) or 215(a)(1) confer the power to tax domestic entities.

*Second*, *Pacito*'s holding that provisions setting a cap on the number of admissions under the RAP did not preclude an EO restricting entry below that cap, *see id.* at *14, likewise has no application here. This case presents the opposite situation: Congress has by statute precisely determined how much an H-1B visa should cost and the particular eligibility criteria applicable to H-1B petitions. *See* Br.21-34; Reply.Br.7-11. The Proclamation rewrites those decisions, imposing a $100,000 fee that is orders of magnitude greater than Congress permitted. The Proclamation thus conflicts with Congress's specific choices in a way the suspension in *Pacito* did not.

CENTURY CITY   CHICAGO   LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO   WASHINGTON, DC          JENNER.COM

Page 2

Sincerely,

Jenner & Block LLP

By: /s/ Adam G. Unikowsky
    Adam G. Unikowsky

**CERTIFICATE OF COMPLIANCE**

I certify that this letter complies with the word limitation of Federal Rule of Appellate Procedure 28(j) because it contains 345 words according to the count of Microsoft Word.

Jenner & Block LLP

By:      /s/ Adam G. Unikowsky
Adam G. Unikowsky