

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
*Liberty Square Building*
*450 Fifth Street, NW*
*Washington, D.C. 20530*

*Tel: 202-514-4357*
*Email: Tiberius.Davis@usdoj.gov*

May 6, 2026

<u>Via CM/ECF</u>
Clifton B. Cislak
Clerk of Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

    Re:    *Chamber of Commerce of the United States of America et al. v. United States Department of Homeland Security et al.*, Rule 28(j) Response Letter re: *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Mullin*, No. 25-5243, 2026 WL 1110616 (D.C. Cir. Apr. 24, 2026)

Dear Mr. Cislak:

Pursuant to Rule 28(j), Defendants-Appellees respond to Plaintiffs-Appellants' Letter re: *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Mullin*, No. 25-5243, 2026 WL 1110616 (D.C. Cir. Apr. 24, 2026) ("*RAICES*"). Contrary to the assertions therein, *RAICES* does not support Plaintiffs-Appellants' position.

*First*, *RAICES* focused its analysis on a challenged *removal* process, not a restriction on entry. This Court specifically notes that the "authority to suspend entry is not challenged here" and its analysis "addresses only whether that entry-authority encompasses the power to order removals using new procedures that supplant the INA's existing removal procedures." 2026 WL 1110616, at * 1. Thus, the analysis in *RAICES* is irrelevant to this Court's analysis of Presidential Proclamation 10973.

*Second,* Plaintiffs-Appellees incorrectly allege that *RAICES* supports the notion that Presidential Proclamation 10973 "stretch[es] Sections 212(f) and 215(a)(1)." This argument failed in the lower court. *Chamber of Commerce*, 815

1

F.Supp.3d 74, 97, 103 (D.D.C. 2025). *Trump v. Hawaii*, 585 U.S. 667, 689 (2018) already analyzed the bounds of § 1182(f). Thus, the *RAICES* holding neither supports the notion that Presidential Proclamation 10873 pushes the bounds of §§ 1182(f) and 1185(a)(1) and does not bar this Court from affirming the lower court's reasoned analysis. The Court should not read *RAICES* so broadly less it open a circuit split with *Pacito v. Trump*, 169 F.4th 895 (9th Cir. 2026).

*Third,* while *RAICES* discusses past practice, it does so for the *removal* process as contrasted with entry restrictions. 2026 WL 1110616, at *11 ("No prior President has used [§ 1182(f)] to enhance the Executive's removal power…. Every one of those uses was confined to preventing foreign individuals from *entering* the territorial land or waters of the United States."). In context, *RAICES* indicates the entry restriction in Presidential Proclamation 10973 *is* consistent with past practice.

*Finally*, unlike here, the agencies in *RAICES* had policy discretion that was challenged. So Defendants did not raise the same APA and remedy issues on appeal in *RAICES* as it does here. The decision therefore does not address those issues.

Respectfully submitted,

*/s/ Tiberius Davis*
TIBERIUS DAVIS
Counsel To The Assistant Attorney General
U.S. Department of Justice
Civil Division

**CERTIFICATE OF COMPLIANCE**

I certify that this letter complies with the word limitation of Federal Rule of Appellate Procedure 28(j) because it contains 338 words according to the count of Microsoft Word.

/s/ Tiberius Davis
TIBERIUS DAVIS
Counsel To The Assistant Attorney General
U.S. Department of Justice
Civil Division