

**U.S. Department of Justice**
Civil Division
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*Tel: (202)-860-8970*
*Fax: (202) 305-7000*
*Email: Tiberius.Davis@usdoj.gov*

August 7, 2026

Via CM/ECF
Clifton B. Cislak
Clerk of Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

>       Re:    *Chamber of Commerce of the United States of America et al. v. United*
>              *States Department of Homeland Security et al.*, No. 25-5473
>              Responsive Rule 28(j) Letter re: *California v Mullin*, No. 26-1699 (1st
>              Cir. July 24, 2026)

Dear Mr. Cislak:

Pursuant to Rule 28(j), Defendants-Appellees respond to Plaintiffs-Appellants' Letter regarding the First Circuit's motions panel decision denying a stay in *California v. Mullin*. That decision carries little weight because it is a brief non-binding interim decision. *See, e.g., Make the Rd. New York v. Mullin*, 179 F.4th 16, 24 (D.C. Cir. 2026) (different decision from partial stay denial).

*First*, while acknowledging *Edye v. Robertson*, 112 U.S. 580, 589, 595 (1884), the First Circuit motions panel only focused on the taxing power and did not grapple with the fact that separate federal powers can justify the payment restriction here, such as the immigration and foreign commerce powers. *See* 112 U.S. at 589, 595 (head payment on aliens was constitutional under foreign commerce or immigration power even if not the taxing power); *NFIB v. Sebelius*, 567 U.S. 519, 547-61, 567-68 (2012) (mandate violated Commerce Clause but upheld as a tax). The Proclamation thus need not satisfy any alleged clear statement rule for delegating the taxing power if it is authorized under a separate federal power, as here. *Id.*

1

*Second*, in analyzing the taxing power, the First Circuit imposed a clear statement rule based on *Skinner v. Mid-American Pipeline Co.*, 490 U.S. 212 (1989) and compared the Proclamation to *Learning Resources, Inc. v. Trump*, 146 S. Ct. 628 (2026). But *Skinner* did not create a special clear statement rule and it cited *FEA v. Algonquin SNG, Inc.*, 426 U.S. 548 (1976) as an example of a sufficient delegation. The Supreme Court in *Algonquin* held that the President lawfully imposed duties under his authority to take "such action … as he deems necessary to adjust the imports" despite the provision never mentioning duties or tariffs. 426 U.S. at 550-52. That is similar to the "sweeping" delegation in Section 1182(f) to impose "any restrictions he may deem to be appropriate." *Trump v. Hawaii*, 585 U.S. 667, 684 (2018). The First Circuit did not grapple with the difference between "*any* restriction" and "regulation."

*Finally*, the First Circuit found the agencies' actions were final based on First Circuit precedent, without addressing the caselaw on ministerial implementation.

Respectfully submitted,

*/s/ Tiberius Davis*
Tiberius Davis
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the word limitation of Federal Rule of Appellate Procedure 28(j) because it contains 349 words according to the count of Microsoft Word.

/s/ Tiberius Davis
Tiberius Davis
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division