**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
950 Pennsylvania Avenue
NW, Washington, DC 20530
(202)-860-8970
Email: Tiberius.Davis@usdoj.gov

October 15, 2026

Via CM/ECF
Clifton B. Cislak
Clerk of Court
United States Court of Appeals for the District of Columbia Circuit
333 Constitution Avenue NW
Washington, DC 20001

Re: *Chamber of Commerce of the United States of America et al. v. United States Department of Homeland Security et al.*, No. 25-5473

Rule 28(j) Response Letter re: *re: Global Nurse Force v. Trump*, No. 25-cv-8454, 2026 WL 2972985 (N.D. Cal. Sept. 30, 2026)

Dear Mr. Cislak:

Pursuant to Rule 28(j), Defendants-Appellees respond to Plaintiffs-Appellants' Letter on *Global Nurse Force v. Trump*, No. 25-cv-8454, 2026 WL 2972985 (N.D. Cal. Sept. 30, 2026). That court's non-binding decision was wrong, largely irrelevant, and has been appealed.

As Plaintiffs-Appellants acknowledge, the procedural grounds on which the district court vacated the implementation of the Proclamation are not at issue here. Tellingly, the district court did not rule on the grounds pressed by Plaintiffs-Appellants despite those arguments being at the forefront.

On consular nonreviewability, the district court was wrong. The Seventh Circuit has applied consular nonreviewability to a similar challenge to a prospective policy claiming the policy exceeded the Executive's authority. *See Pak v. Biden*, 91 F.4th 896, 900-01 (7th Cir. 2024). That makes sense because consular nonreviewability is premised on the "separation of powers" since "the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments.'" *Shiba v. Mullin*, 173 F.4th 895, 903-04 (7th Cir. 2026).

In ruling that the ministerial implementation of the Proclamation was reviewable, the court relied on unique nonbinding Ninth Circuit precedent. *GNF*, 2026 WL 2972985, at *12-13 (quoting *Nebraska v. Su*, 121 F.4th 1, 15 (9th Cir. 2024)). Indeed, the district court acknowledged this was contrary to a long line of D.D.C. case law. *Id.* at *12 n.16*. Those cases are more persuasive. Regardless, the Ninth Circuit case is distinguishable because it involved an E.O. directing a Department to regulate within its own authority and exuded agency discretion. By contrast,

§1182(f) directly vests the President with exclusive legal authority to issue a proclamation. It cannot be that mere ministerial implementation of a President's explicit and exclusive statutory power can be micromanaged under the APA, thus circumventing *Franklin v. Massachusetts*, 505 U.S. 788 (1992).

As to standing, the Government's only point is that any discretionary narrowing of the Proclamation by agencies would be separate actions that do not injure Plaintiffs-Appellants. Gov't Br. 46. The Government has never argued that Plaintiffs-Appellants wholly lack standing.

That court's opinion is thus largely irrelevant and unpersuasive. This Court should affirm.

Respectfully submitted,

*/s/ Tiberius Davis*
Tiberius Davis
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division